UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSEPH C. MALFATONE,

                Plaintiff,

        -against-

ORANGE COUNTY,

                Defendants.

24-CV-2131 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff, who is detained in the Orange County Jail ("OCJ"), is proceeding *pro se* and *in forma pauperis* ("IFP"), Plaintiff invokes 42 U.S.C. § 1983, alleging that the defendants violated his rights. By order dated August 19, 2024, the Court directed Plaintiff to amend his complaint to address deficiencies in his original pleading. Plaintiff filed an amended complaint on October 23, 2024, and the Court has reviewed it. The Court dismisses this action for the reasons set forth below.

## BACKGROUND AND DISCUSSION

      In the original complaint, Plaintiff named the OCJ and a transgender detainee named Messiah Neal as defendants, and alleged that on two occasions in March 2024, Neal spit into the "unit hot pot" where the detainees, including Plaintiff, got their water and also placed in it dirty socks, trash, and lead paint. (ECF 1 ¶ IV.) Plaintiff alleged that as a result of Neal's actions, he was "poisoned" and "contaminated." (*Id.*) Plaintiff "received stomach medication" and "blood work to make sure [he] didn't have anything." (*Id.*) Plaintiff requested "new asylum for [Neal]" and $50,000 in damages. (*Id.* ¶¶ V, VI.)

      By order dated August 19, 2024, the Court directed Plaintiff to amend his complaint to address deficiencies in the original pleading. (ECF 9.) First, the order explained that because

Neal is a private party who was not alleged to have acted under color of state law, Plaintiff could not assert a Section 1983 claim against Neal, *see Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties."). Second, the order explained that the OCJ was not a proper defendant under Section 1983, and that to state a claim against Orange County, Plaintiff needed to provide facts showing that a municipal policy, custom, or practice contributed to the violation of his constitutional rights, *see Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012). Third, the order explained that to state a failure-to-protect claim, a plaintiff must satisfy two elements: (1) an "objective" element, which requires a showing that the challenged conditions of confinement are sufficiently serious, and (2) a "mental" element, which requires a showing that defendant acted with at least deliberate indifference to those conditions), *see Darnell v. Pineiro*, 849 F.3d 17, 29, 33 n.9 (2d Cir. 2017) (noting that a pretrial detainee asserting a failure-to-protect claim arises under the Due Process Clause of the Fourteenth Amendment).

Plaintiff's amended complaint is substantially similar to the original complaint, and does not contain facts addressing the deficiencies set forth in the August 19, 2024 order to amend. (ECF 10.) Although Plaintiff names Orange County as a Defendant instead of the OCJ, he does not provide facts showing the existence of a municipal policy, custom, or practice, and that the policy, custom, or practice caused the violation of his constitutional rights. There are no additional facts suggesting that Plaintiff can state a claim against Neal, or state a failure-to-protect claim against a correction official.

For these reasons, the amended complaint suffers from the same deficiencies as the original complaint, and the Court dismisses this action for the reasons set forth in the August 19, 2024 order.

A district court may decline to exercise supplemental jurisdiction over state-law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). Having dismissed the federal claims over which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction over any state-law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'") (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997)).

District courts generally grant a *pro se* plaintiff leave to amend a complaint to cure its defects, but leave to amend may be denied if the plaintiff has already been given an opportunity to amend but has failed to cure the complaint's deficiencies. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's amended complaint cannot be cured with a further amendment, the Court declines to grant Plaintiff another opportunity to amend.

## CONCLUSION

The Court dismisses this action for the reasons stated in the Court's August 19, 2024 order and in this order.

The Court declines, under 28 U.S.C. § 1367(c)(3), to exercise supplemental jurisdiction over any state-law claims that Plaintiff may be asserting.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment.

SO ORDERED.

Dated:   December 10, 2024
           New York, New York

                                        /s/ Laura Taylor Swain
                                         LAURA TAYLOR SWAIN
                                    Chief United States District Judge